IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-50930
_____


CIPRIANO GALVAN; JUAN M. ALVAREZ; ARMANDO
TELLEZ; RALPH G. MACIEL; RONALD MASON;
SANTIAGO QUINONES; ROBERT VASQUEZ; JUAN
MARTINEZ; CARLOS M. ROJAS; FRANK G. BESA;
GILBERTO CAMACHO; REYNALDO DE LEON; HECTOR
BUSTOS; JOE DIMAS; RICHARD JIMENEZ; ROBERT
RODRIGUEZ; NICOLAS CAMACHO; FRANK GONZALEZ;
LOUIE ROJAS,

                                        Plaintiffs-Appellants,
v.

UNITED STATES DEPARTMENT OF DEFENSE; WILLIAM
S. COHEN, Secretary, Department of Defense;
DEPARTMENT OF THE UNITED STATES AIR FORCE;
F. WHITTEN PETERS, Acting Secretary, United
States Air Force; SAN ANTONIO LOGISTICS CENTER;
PAUL L. BIELOWICZ, Major General, San Antonio
Logistics Center; OFFICE OF PERSONNEL MANAGEMENT,

                                        Defendants-Appellees.

-----------------------
Appeal from the United States District Court
for the Western District of Texas, San Antonio Division
(SA-00-CV-517)
-----------------------
August 12, 2002
Before WIENER, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellants are nineteen individuals who were involuntarily

separated from their civil service employment by the Department of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Defense ("DOD") and the Department of the Air Force ("Air Force") as the result of a reduction in force ("RIF") at Kelley Air Force Base, San Antonio, Texas, which eventually closed altogether. Appellants ask us to reverse the district court's summary judgment dismissing their claims that, as preference-eligible veterans, they were not accorded their preferential rights. After the previous suit was dismissed for failure to exhaust administrative remedies, appellants filed administrative complaints with the Department of Labor ("DOL") contending that the DOD's Priority Placement Program ("PPP") failed to give them the veterans' preference to which they were entitled under 5 U.S.C. §§ 1302 and 3502. The DOL rejected the claims because, as a non-statutory program, the PPP did not require that these veterans be afforded such preferences during the RIF.

After the instant action was filed, the defendants moved to dismiss the complaint or, alternatively, for summary judgment, arguing that the statutory veterans' preference applied only to determinations of job retention <u>during</u> the RIF, which preference the appellants concededly received. Defendants contended that there was no legal basis for engrafting a further preference on the PPP, which is a non-statutory, non-regulatory program instituted in the discretion of the DOD.

In granting summary judgment to the defendants, the district court adopted the Magistrate Judge's Report and Recommendations, which concluded, <u>inter alia</u>, that appellants failed to demonstrate

2

a statutory basis for a veterans' preference in the PPP; that the PPP is an internal program of the DOD not governed by any regulation, statute, or rule; that the PPP is neutral in operation, matching job skills and experience with specifications of available agency positions; that § 1302 granted the Office of Personnel Management ("OPM") authority to issue necessary regulations for implementation of the Veterans' Preference Act and that § 3502 defined the rights of preference-eligible veterans only in a RIF situation; that appellants were given preference as required by § 3502 during the September, 1999 RIF by being allowed to retain their positions for periods of time longer than non-veteran employees; that the legislative history of the Veterans' Employment Opportunities Act of 1998 demonstrated that Congress had considered, but did not enact, legislation in 1997 that would have provided protection beyond § 3502 by extending veterans' preference rights to the PPP; that, because the PPP deals only with the movement of incumbent employees from jobs within the DOD, it is subject to that department's discretion; and that under the instant circumstances, the Veterans' Preference Act does not accord appellants any preference rights.

We have now reviewed the record on appeal and the facts and the law as analyzed by able counsel in their appellate briefs and oral arguments, as a result of which we are convinced that the district court providently granted the defendants' summary judgment motion to dismiss the appellants' action. Principally for the

reasons expressed by the magistrate judge, we affirm the judgment of the district court in all respects.

AFFIRMED.